LYNCH, Chief Judge,
concurring.
I join Judge Selya’s excellent opinion, save for the multiplicity portion of the opinion, Part II, A. I do join the holding that counts two and three are multiplicitous and that the case must be remanded for consideration of the effect of this multiplicitousness on resentencing.
The majority opinion states that its holding is restricted to the particular facts of this case, see majority op. at 274-75; I agree. I write separately to say that in my view both the question presented and the analysis needed to resolve this question are narrow. I would postpone engaging in any broader analysis until a future case.
Here, the defendant possessed a desktop computer and a laptop computer; he used the laptop to knowingly download child pornography from the internet and to store the images; he used the desktop as an additional storage unit for the images. The two computers contained some overlapping images, as would be expected, since they were connected by an internal network, so that files could move freely between them.
The images were, as a result, on both hard drives. And, while hard drives are “matters” under 18 U.S.C. § 2252(a)(4)(B), that does not mean that the two networked hard drives here should be viewed as separate matters. The question is whether Congress intended this simultaneous possession in one home to be chargeable as one or two crimes of possession. I think it is clear that Congress did not intend the possession of two networked computers with overlapping images, in a defendant’s home, to constitute two crimes. This is a narrow issue of whether Congress would have intended to punish the defendant separately for each of the hard drives on these linked computers.
I would prefer not to go any further, and in particular, I would prefer not to address United States v. Polouizzi, 564 F.3d 142 (2d Cir.2009), or its reading of United States v. Kimbrough, 69 F.3d 723, 730 (5th Cir.1995).
The question of Congressional intent as to very different factual situations on single vs. multiple crimes strikes me as not being resolved by a plain reading of the statutory text. Neither the 1998 amendment, which changed the language in 18 U.S.C. § 2252(a)(4)(B) from knowingly possessing “3 or more [matters]” containing child pornography to knowingly possessing “1 or more [matters]” of the same, nor the statute’s affirmative defense of possession of “less than three matters containing any visual depiction” of child pornography, 18 U.S.C. § 2252(c)(1), resolves whether Congress intended the statute to be used to charge one or multiple offenses on facts different from those in this case. We have not received briefing on any legislative history of section 2252(a)(4)(B) which might clarify congressional intent on this issue. It is, furthermore, not obvious that Congress intended to bar multiple counts in cases, different from this one, where a defendant has multiple collections of child pornography in different mediums, such as books, videos, photo albums, computer hard drives, internet storage providers, or file hosting services, and where those collections are acquired at different times, from different sources. I understand the majority to have reserved on these questions and so I join the result.